Sid Leach (#019519)
David E. Rogers (# 019274)
David G. Barker (#024657)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
sleach@swlaw.com
drogers@swlaw.com
dbarker@swlaw.com
Attorneys for Plaintiff WMS Gaming Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| WMS Gaming Inc., a Delaware corporation,<br><br>               Plaintiff,<br><br>v.<br><br>The Slots Warehouse LLC, an Arizona limited liability company; David Heller, an individual; and Richard Brandon, an individual,<br><br>               Defendants. | No. CV-12-2455-PHX-ROS<br><br>**FIRST AMENDED<br>VERIFIED COMPLAINT** |

Plaintiff WMS Gaming Inc. complains of Defendants The Slots Warehouse LLC, David Heller and Richard Brandon and alleges as follows:

## **PARTIES**

1.    Plaintiff WMS Gaming Inc. ("WMS") is a corporation incorporated under the laws of the State of Delaware having its principal place of business at 800 South Northpoint Boulevard, Waukegan, Illinois 60085.  WMS is one of the world's leading video slot machine suppliers with an unmatched reputation for innovative game design and development.

2.    Defendant The Slots Warehouse LLC ("TSW") is a limited liability company organized under the laws of the State of Arizona having its principal place of

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

business at 4653 S. 33rd St., Phoenix, Arizona 85040 and/or 1735 E. Todd Dr., Tempe, Arizona 85283.

3.      Defendant David Heller ("Heller") is the sole member of TSW and, on information and belief, directs its Arizona operations.  Heller has resided in Maricopa County, Arizona, Massachusetts, or New Jersey at all times relevant to the matters set forth in this Complaint.

4.      From each residence in which Heller has resided he has controlled the operations of Arizona-based TSW.

5.      Defendant Richard Brandon ("Brandon") resides in Maricopa County, Arizona and is a contractor working in conjunction with TSW and Heller.  Brandon works at the TSW location and on information and belief splits the profits from TSW with Heller.

**JURISDICTION AND VENUE**

6.      This civil action asserts a claim under the Copyright Act, 17 U.S.C. § 101 *et seq*, for copyright piracy and infringement, and under the Lanham Act, 15 U.S.C. § 1051 *et seq*, for trademark infringing and counterfeiting.

7.      This Court has subject matter jurisdiction over the Copyright Act claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).  This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.

8.      Defendants are subject to personal jurisdiction in this Court because Defendants TSW and Brandon reside in Arizona.  Defendant Heller resided in Arizona during at least part of the time the events set forth herein occurred.  Further, on information and belief, while living in Massachusetts and New Jersey, Heller has visited Arizona and TSW at least partially for the purpose of furthering TSW's infringement complained of herein.  Heller has also sent electronic communications to TSW and Brandon in Arizona related to the infringing activity complained of herein.  The allegations in this Complaint arise out of and relate to Defendants' forum-related

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

activities, and it is reasonable for the Court to exercise personal jurisdiction over Defendants.

9.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b).

**WMS'S COPYRIGHTED WORKS**

10.    Plaintiff WMS manufactures gaming devices including video slot machines that it supplies to casinos and other licensed gaming establishments throughout the world. WMS video slot machines provide users with a total game experience, composed of music and sound effects, a monitor displaying the video slot game, and a brightly lit gaming machine cabinet outfitted with decorative graphics customized to the individual game.

11.    Each WMS gaming machine cabinet contains one or more computer boards with a central processing unit (the "CPU Board(s)") and one or more computer boards having a plurality of adapters (the "Backplane Board(s)").  The WMS CPU Boards are custom computer boards designed to process the WMS video slot machine game software. The WMS CPU Boards are not compatible with and cannot run third party software.

12.    WMS owns and has registered the copyrights in graphic computer images produced by each of the WMS Games (the "Copyrighted Works") shown in the table attached as Exhibit 1.  Copies of the copyright registration certificates and the Copyrighted Works listed in Exhibit 1 are attached to this Complaint as Exhibits 2-200, 216, and 217.

13.    In current WMS video slot machine models, the software ("WMS Game Software") producing the game play, music and sound effects is stored on compact flash memory cards.

14.    To enable a WMS cabinet to play a particular game, a compact flash memory card containing the software for that game ("Game Card") is inserted into one of two slots on the CPU Board that is housed in the cabinet, as illustrated below (the arrow indicates the Game Card slot on the illustrated CPU Board):

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000



**WMS CPU Board Showing Game Card Slot**

15.     Plaintiff WMS produces a number of different operating system versions that are each compatible with a subset of its games. Therefore, when the Game Card for a particular WMS game is installed in a gaming machine, it may also be necessary to install an additional compact flash memory card containing the version of the operating system software that is compatible with that Game Card (the "OS Card"). The OS Card is installed by inserting it into another slot on the CPU Board.

16.     When a WMS gaming machine is turned on, the CPU Board first loads the operating system software from the OS Card. Then the CPU Board loads the game software from the Game Card and WMS's copyrighted game graphics and game title appear on the machine's monitor(s).  The WMS game can then be played using a touch screen and with buttons mounted on the gaming device's external control panel.

17.     By changing a WMS gaming machine's OS Card and its Game Card, a WMS cabinet can be customized to play any number of different WMS games.  However, WMS does not sell its gaming device software, including OS Cards and Game Cards, separate from its gaming machines except in one circumstance: WMS offers existing owners of legitimately purchased WMS gaming machines the option of purchasing a conversion kit ("Conversion Kit") that can be used to retrofit the customer's gaming machine to a different WMS game (the "Conversion Kit Game").  The Conversion Kit includes both the Game Card and, for machines that require it, the decorative glass panels

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

for the Conversion Kit Game. If the customer needs to upgrade to a newer CPU Board or a different operating system to run the Conversion Kit Game, the Conversion Kit will also include the new CPU Board (with corresponding Backplane Board) and operating OS Card. By installing the new software – and, where necessary, the glass panels, new CPU Board and/or Backplane Board – a WMS customer can convert its existing WMS gaming machine to the Conversion Kit Game.  The resulting machine is a colorful, brightly lit gaming device that delivers the high quality game experience WMS is known for.  Other than in Conversion Kits, WMS only sells its game software preinstalled in fully-themed WMS gaming machines.

18.    The video slot machine games released by WMS using compact flash card technology include the game *Super Jackpot Party*, which comprises at least one of WMS's Copyrighted Works.  *See* Exhibit 168, attached.

## DEFENDANTS' COPYRIGHT INFRINGEMENT
### Distribution of Illegal Copies to Altaf Makanojiya:

19.    Altaf Makanojiya ("Makanojiya") has, since 2009, had extensive business dealings with Defendants, including communicating with Heller on the telephone and via e-mail.

20.    On multiple occasions, Defendants distributed illegal copies of WMS Game Software to Makanojiya via e-mail or by making the copies available to download via File Transfer Protocol ("FTP").

21.    WMS does not transfer or permit its copyrighted software to be transferred by e-mail or FTP to owners or distributors of authorized WMS gaming machine cabinets. Defendants provided Makanojiya with instructions on how to illegally copy, or "burn," pirated WMS Game Software onto compact flash cards, including onto non-WMS compact flash cards.

22.    Makanojiya purchased used WMS gaming systems from Defendants, some of which were equipped with non-WMS compact flash cards containing illegally copied WMS Game Software.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

23.     Makanojiya purchased an iOmega eGo 300 GB USB external hard drive, Serial Number Y202S520027 (the "Heller Hard Drive"), from Defendants in April 2011. The Heller Hard Drive contained illegal copies of WMS Game Software.

24.     Leading up to this purchase, Makanojiya and Heller exchanged several e-mails, one of which contained the UPS tracking number for the shipment containing the Heller Hard Drive and a request for Makanojiya to deposit USD $185 into a designated bank account.

25.     Makanojiya deposited USD $185 into the designated bank account and received the package from UPS, which contained the Heller Hard Drive.

26.     In April 2011, Makanojiya received an e-mail from Heller containing a list of illegal WMS Game Software files contained on the Heller Hard Drive, including detailed specifications needed to use the hard drive to make further illegal copies of the WMS Game Software.

27.     WMS never authorized its Copyrighted Works to be distributed by means of the Heller Hard Drive or by e-mail or FTP transfer.

28.     Representative comparisons of images created by illegal copies of the WMS Game Software contained on the Heller Hard Drive and WMS's Copyrighted Works are attached as Exhibits 201-214, corresponding to the following Copyrighted Works: *9 Suns, Black Knight - G+ - 5RV, China Moon - G+, Eye of the Dragon – Wrap Around Pays, Fortune Seeker, Game of Dragons II - G+, Lucky Penny – Bright Diamonds, Maori Riches - Wrap Around pays - 5RV, Queen's Knight - Money Burst - 5RV, Rising Fortunes - G+- 5RV, Swords of Honor - G+ - 5 RV, The Big Money Show-G+-5RV, Tiger's Realm - Hot Hot Super Respin - 5 RV,* and *Wolverton - 5RV.* The images created by machine-readable code contained on the Heller Hard Drive are, to the extent they are not identical, substantially similar to WMS's Copyrighted Works.

## Other Distribution of Illegal Copies

29.     On October 17, 2012, Defendants, through a man who identified himself as "Richard" ("Richard") sold a used WMS slot machine (the "Slot Machine") to an

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

investigator retained by Plaintiff (the "Investigator").  Upon information and belief, Richard is defendant Richard Brandon.

30.   The Investigator purchased the Slot Machine at a warehouse located at 4653 South 33rd Street, Phoenix, Arizona 85040, where he met Richard.

31.   During the sale, Richard gave the Investigator two copies of a business card that contained the following:



32.   The following compact flash card (the "Pirated Game Card") was located in a first slot, labeled "Game", of the CPU Board (shown below) of the Slot Machine:



**Pirated Game Card Front**     **Pirated Game Card Back**

1
2
3
4
5
6
7
8
9
10
11

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000



**Pirated Game Card in CPU Board slot of the Slot Machine**

12   33.   The Pirated Game Card contains software for the WMS game *Super Jackpot*

13   *Party*, including software code that directs the CPU Board in the Slot Machine to

14   reproduce images protected under the copyright associated with WMS's *Super Jackpot*

15   *Party*.  *See* Exhibit 215, attached.

16   34.   WMS has never authorized a copy of *Super Jackpot Party* software sold or

17   otherwise distributed to a customer to be made or to reside on the model of SanDisk®

18   compact flash card shown in the image of the Pirated Game Card above.

19   35.   A comparison of images created by illegal copies of the WMS Game

20   Software contained on the Pirated Game Card and WMS's Copyrighted Works is attached

21   as Exhibit 215.  The images created by machine-readable code contained on the Pirated

22   Game Card are, to the extent they are not identical, substantially similar to WMS's

23   Copyrighted Works.

24   **DEFENDANTS' TRADEMARK INFRINGEMENT AND COUNTERFEITING**

25   36.   WMS is the owner of U.S. Trademark Registration No. 3,506,674 for

26   "WMS and Design" for "gaming machines that generate or display wager outcomes and

27   gaming software that generates or displays wager outcomes of gaming machines."  The

28   application that matured into this trademark registration was filed on August 29, 2006,

registered on September 23, 2008, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration.  15 U.S.C. § 1115(a).

37.    WMS is the owner of U.S. Trademark Registration No. 2,341,453 for "WMS GAMING" for "reel slot machines; slot machines and gaming machines featuring slot machine type games via video display; coin-operated video output gaming machines; electro-mechanical and video display gaming machines."  The application that matured into this trademark registration was filed on July 8, 1999, registered on April 11, 2000, and the registration is incontestable in accordance with 15 U.S.C. § 1065.  It is therefore conclusive evidence of the validity of the mark and WMS's exclusive right to use the mark in interstate commerce for the goods and services listed in the registration.  15 U.S.C. § 1115(b).

38.    WMS is the owner of U.S. Trademark Registration No. 2,472,962 for "9 SUNS" for "gaming machines that generate or display wager outcomes; gaming software that generates or displays wager outcomes of gaming machines."  The application that matured into this trademark registration was filed on January 5, 2007, registered on July 22, 2008, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration. 15 U.S.C. § 1115(a).

39.    WMS is the owner of U.S. Trademark Registration No. 3,570,342 for "BLACK KNIGHT" for "gaming machines that generate or display wager outcomes; gaming software that generates or displays wager outcomes of gaming machines."  The application that matured into this trademark registration was filed on November 21, 2006, registered on February 3, 2009, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration.  15 U.S.C. § 1115(a).

40.    WMS is the owner of U.S. Trademark Registration No. 3,588,566 for "BRIGHT DIAMONDS" for "gaming machines that generate or display wager outcomes;

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

gaming software that generates or displays wager outcomes of gaming machines." The application that matured into this trademark registration was filed on January 4, 2008, registered on March 10, 2009, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration.  15 U.S.C. § 1115(a).

41.     WMS is the owner of U.S. Trademark Registration No. 3,350,150 for "CHINA MOON" for "gaming machines."  The application that matured into this trademark registration was filed on April 26, 2006, registered on December 4, 2007, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration.  15 U.S.C. § 1115(a).

42.     WMS is the owner of U.S. Trademark Registration No. 3,652,247 for "EYE OF THE DRAGON" for "gaming machines that generate or display wager outcomes; gaming software that generates or displays wager outcomes of gaming machines."  The application that matured into this trademark registration was filed on April 7, 2008, registered on July 7, 2009, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration.  15 U.S.C. § 1115(a).

43.     WMS is the owner of U.S. Trademark Registration No. 3,395,498 for "FORTUNE SEEKER" for "gaming machines that generate or display wager outcomes; gaming software that generates or displays wager outcomes of gaming machines."  The application that matured into this trademark registration was filed on December 21, 2006, registered on March 11, 2008, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration.  15 U.S.C. § 1115(a).

44.     WMS is the owner of U.S. Trademark Registration No. 3,558,141 for "GAME OF DRAGONS" for "gaming machines that generate or display wager outcomes; gaming software that generates or displays wager outcomes of gaming machines."  The

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

application that matured into this trademark registration was filed on February 12, 2007, registered on January 6, 2009, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration.  15 U.S.C. § 1115(a).

45.     WMS is the owner of U.S. Trademark Registration No. 3,652,227 for "MAORI RICHES" for "gaming machines that generate or display wager outcomes; gaming software that generates or displays wager outcomes of gaming machines."  The application that matured into this trademark registration was filed on April 3, 2008, registered on July 7, 2009, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration.  15 U.S.C. § 1115(a).

46.     WMS is the owner of U.S. Trademark Registration No. 3,588,545 for "QUEENS' KNIGHT" for "gaming machines that generate or display wager outcomes; gaming software that generates or displays wager outcomes of gaming machines."  The application that matured into this trademark registration was filed on December 21, 2007, registered on March 10, 2009, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration.  15 U.S.C. § 1115(a).

47.     WMS is the owner of U.S. Trademark Registration No. 3,610,450 for "RISING FORTUNES" for "gaming machines."  The application that matured into this trademark registration was filed on April 27, 2006, registered on April 21, 2009, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration.  15 U.S.C. § 1115(a).

48.     WMS is the owner of U.S. Trademark Registration No. 2,952,924 for "SUPER JACKPOT PARTY" for "currency and credit operated slot machines and gaming devices, namely, gaming machines for use in gaming establishments."  The application that matured into this trademark registration was filed on February 22, 2002,

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

registered on May 17, 2005 and the registration is incontestable in accordance with 15 U.S.C. § 1065. It is therefore conclusive evidence of the validity of the mark and WMS's exclusive right to use the mark in interstate commerce for the goods and services listed in the registration. 15 U.S.C. § 1115(b).

49.    WMS is the owner of U.S. Trademark Registration No. 3,573,204 for "SWORDS OF HONOR" for "gaming machines that generate or display wager outcomes; gaming software that generates or displays wager outcomes of gaming machines." The application that matured into this trademark registration was filed on March 28, 2007, registered on February 10, 2009, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration. 15 U.S.C. § 1115(a).

50.    WMS is the owner of U.S. Trademark Registration No. 3,655,131 for "TIGER'S REALM" for "gaming machines that generate or display wager outcomes; gaming software that generates or displays wager outcomes of gaming machines." The application that matured into this trademark registration was filed on October 20, 2006, registered on July 14, 2009, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration. 15 U.S.C. § 1115(a).

51.    WMS is the owner of U.S. Trademark Registration No. 3,613,026 for "WOLVERTON" for "gaming machines that generate or display wager outcomes; gaming software that generates or displays wager outcomes of gaming machines." The application that matured into this trademark registration was filed on May 15, 2007, registered on April 28, 2009, and the registration is *prima facie* proof of the validity of the mark and WMS's exclusive right to use the mark in U.S. commerce for the goods listed in the registration. 15 U.S.C. § 1115(a).

52.    The trademarks identified above, including all federal and common law rights associated with the trademarks, are collectively referred to as the "WMS Trademarks."

1       53.    Based on the information identified herein and WMS's review of

2   Defendants' infringing games, Defendants have willfully copied and counterfeited each of

3   the WMS Trademarks set forth above, in addition to more than one hundred (100) other

4   trademarks which WMS reserves the right to identify later.

5   **CAUSES OF ACTION**

6   **COUNT I**

7   **COPYRIGHT PIRACY AND INFRINGEMENT 17 U.S.C. § 101 *et seq.***

8       54.    WMS incorporates the preceding paragraphs of the Complaint as though

9   fully set forth herein.

10       55.    WMS is the owner of all right, title, and interest in and to the Copyrighted

11   Works, including without limitation, all right, title and interest in and to the copyrights

12   associated with the titles listed in Exhibit 1, including, for example, *9 Suns, Black Knight -*

13   *G+ - 5RV, China Moon - G+, Eye of the Dragon – Wrap Around Pays, Fortune Seeker,*

14   *Game of Dragons II - G+, Lucky Penny – Bright Diamonds, Maori Riches - Wrap Around*

15   *pays - 5RV, Queen's Knight - Money Burst - 5RV, Rising Fortunes - G+- 5RV, Super*

16   *Jackpot Party, Swords of Honor - G+ - 5 RV, The Big Money Show-G+-5RV, Tiger's*

17   *Realm - Hot Hot Super Respin - 5 RV,* and *Wolverton - 5RV.*

18       56.    As owner of the Copyrighted Works, WMS has exclusive rights in the

19   Copyrighted Works, pursuant to 17 U.S.C. § 106, including without limitation, to

20   reproduce (directly or with the aid of a machine, computer, or other device), prepare

21   derivative works based on, distribute copies of, perform publicly, and display publicly, the

22   Copyrighted Works (all such rights are collectively the "Exclusive Rights").

23       57.    WMS has registered, or applied for registration of, the Copyrighted Works

24   with the United States Copyright Office.

25       58.    Defendants have intentionally and willfully violated, and are continuing to

26   intentionally and willfully violate, WMS's Exclusive Rights by directly, vicariously,

27   and/or contributorily reproducing WMS's Copyrighted Works, without authorization or

28   approval from WMS.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

59.     Defendants have intentionally and willfully violated, and are continuing to intentionally and willfully violate, WMS's Exclusive Rights by directly, vicariously, and/or contributorily preparing derivative works based on WMS's Copyrighted Works, without authorization or approval from WMS.

60.     Defendants have intentionally and willfully violated, and are continuing to intentionally and willfully violate, WMS's Exclusive Rights by directly, vicariously, and/or contributorily distributing WMS's Copyrighted Works, without authorization or approval from WMS.

61.     Defendants have intentionally and willfully violated, and are continuing to intentionally and willfully violate, WMS's Exclusive Rights by inducing others to copy and distribute WMS's Copyrighted Works, without authorization or approval from WMS. On information and belief, Defendants have a financial interest in, have profited from, and have been unjustly enriched by virtue of their violation of WMS's Exclusive Rights in and to the Copyrighted Works.

62.     WMS has invested substantial sums of money in the Copyrighted Works and Defendants violation of WMS's Exclusive Rights in the Copyrighted Works has damaged WMS.

63.     As a result of Defendants' willful infringement, WMS is entitled to an equitable accounting and recovery of Defendants' profits, recovery of all damages sustained by WMS, and an award of the costs of this action, or to elect to recover statutory damages for each infringement, including heightened statutory damages of $150,000 for each willful infringement of the Copyrighted Works pursuant to 17 U.S.C. § 504(c).

64.     Unless enjoined, Defendants will continue to willfully and intentionally offer to sell and sell unauthorized pirated copies of WMS's Game Software stored on compact flash cards or other storage devices, thereby causing WMS irreparable harm. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff WMS, and the value and reputation of its Copyrighted Works.

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

65.     Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, which has a strong interest in the regulation of the reproduction and distribution of gaming software.

66.     By reason of Defendants' acts, WMS's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants.  WMS is entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials and all articles by means of which such infringing copies may be reproduced pursuant to 17 U.S.C. § 503.

67.     Defendants' acts render Defendants liable for statutory damages and/or actual damages their illegal actions caused WMS. Plaintiff WMS reserves the right to elect statutory damages.

68.     Plaintiff WMS is entitled to recover its attorney's fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II

## TRADEMARK INFRINGEMENT AND COUNTERFEITING

69.     WMS incorporates the preceding paragraphs of the Complaint as though fully set forth herein.

70.     WMS is the owner of all right, title and interest in the WMS Trademarks.

71.     WMS has never authorized Defendants to reproduce or copy the WMS Trademarks, or to make, distribute or sell unauthorized copies of the Copyrighted Works including the WMS Trademarks.

72.     Defendant's copying of the WMS Trademarks on infringing software that is essentially an exact duplicate of WMS's Games is likely to cause consumers to mistakenly believe the infringing software originated from WMS.

73.     Defendants' copying and unauthorized use of the WMS Trademarks was willful and intentional.

74.     Defendants' copying of the WMS Trademarks was part of an overall scheme to create counterfeit works.

75.     Defendants' copying of the WMS Trademarks was part of a plan intended to create sales of counterfeit software and products for Defendants.

76.     As a direct and proximate cause of Defendants' conduct, WMS has been damaged and suffered irreparable injury to its goodwill, its rights and its business.

77.     The harm to WMS will continue unless Defendants are permanently restrained from their unlawful use of WMS's Trademarks.

## COUNT III

## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

78.     WMS incorporates the preceding paragraphs of the Complaint as though fully set forth herein.

79.     WMS is the owner of all right, title and interest in the WMS Trademarks.

80.     WMS has never authorized Defendants to reproduce or copy the WMS Trademarks, or to make, distribute or sell unauthorized copies of the Copyrighted Works including the WMS Trademarks.

81.     Defendant's copying of the WMS Trademarks on infringing software that is essentially an exact duplicate of WMS's Games is likely to cause consumers to mistakenly believe the infringing software originated from WMS.

82.     Defendants' copying and unauthorized use of the WMS Trademarks was willful and intentional.

83.     Defendants' copying of the WMS Trademarks was part of an overall scheme to create counterfeit works.

84.     Defendants' copying of the WMS Trademarks was part of a plan intended to create sales of counterfeit software and products for Defendants.

85.     As a direct and proximate cause of Defendants' conduct, WMS has been damaged and suffered irreparable injury to its goodwill, its rights and its business.

86.     The harm to WMS will continue unless Defendants are permanently restrained from their unlawful use of WMS's Trademarks.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**COUNT IV**

**TRADEMARK INFRINGEMENT UNDER ARIZONA COMMON LAW**

87.     WMS incorporates the preceding paragraphs of the Complaint as though fully set forth herein.

88.     WMS is the owner of all right, title and interest in the WMS Trademarks, including common law rights in the State of Arizona, in connection with the goods and services set forth above.

89.     WMS has never authorized Defendants to reproduce or copy the WMS Trademarks, or to make, distribute or sell unauthorized copies of the Copyrighted Works including the WMS Trademarks.

90.     Defendant's copying of the WMS Trademarks on infringing software that is essentially an exact duplicate of WMS's Games is likely to cause consumers to mistakenly believe the infringing software originated from WMS.

91.     Defendants' copying and unauthorized use of the WMS Trademarks was willful and intentional.

92.     Defendants' copying of the WMS Trademarks constitutes unfair competition and trademark infringement at common law.

93.     As a direct and proximate cause of Defendants' conduct, WMS has been damaged and suffered irreparable injury to its goodwill, its rights and its business.

94.     The harm to WMS will continue unless Defendants are permanently restrained from their unlawful use of WMS's Trademarks.

**PRAYER FOR RELIEF**

WHEREFORE, WMS Gaming hereby prays for:

A.     Judgment in favor of WMS and against Defendants on the cause of action for Copyright Piracy and Infringement.

B.     A finding that Defendants' copyright piracy and infringement was willful and/or intentional.

C.     Judgment in favor of WMS and against Defendants on the cause of

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    action for trademark infringement and counterfeiting.

2         D.    A finding that Defendants' trademark infringement and

3    counterfeiting was willful and/or intentional.

4         E.    Judgment in favor of WMS and against Defendants that Defendants

5    be ordered to conduct an accounting of, and that WMS recover Defendants' profits and

6    any damages sustained by WMS for, Defendants' violations of WMS's Exclusive Rights.

7         F.    An award of statutory damages for Defendants' willful copyright

8    infringement in the amount of $150,000 per copyright violation of the Copyrighted

9    Works, in accordance with 17 U.S.C. § 504.

10         G.    Full costs of the action, including a reasonable attorney's fee, in

11   accordance with 17 U.S.C. § 505.

12         H.    An award of statutory damages for Defendants' willful trademark

13   counterfeiting in the amount of $2,000,000 per counterfeited WMS Trademark per 15

14   U.S.C. §§ 1116 and 1117.

15         I.    An award of WMS's attorney's fees because Defendants' trademark

16   infringement and counterfeiting was willful and this is an exceptional case under 15

17   U.S.C. § 1117.

18         J.    Punitive damages for Defendant's trademark infringement under

19   Arizona common law.

20         K.    A temporary restraining order, preliminary injunction, and permanent

21   injunction, pursuant to 17 U.S.C. § 502 and 15 U.S.C. § 1116, enjoining and restraining

22   Defendants, their agents, servants, employees, and those persons in active concert or

23   participation with them from manufacturing, copying, reproducing, duplicating,

24   disseminating, distributing, selling, renting, leasing, publicly performing or displaying, or

25   otherwise dealing in any other way with any unauthorized copies of WMS's software

26   which are the subject of this Complaint, and from otherwise infringing WMS's copyrights

27   or WMS's Trademarks in any other existing or future-developed works, and instructing

28   Defendants to preserve relevant evidence.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

L.      An order for impoundment, pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1116(d)(1), of:

1.      all copies of the Copyrighted Works made or used in violation of the Exclusive Rights of WMS;

2.      all goods and copies of counterfeit WMS Trademarks created and/or used by Defendants in violation of WMS's rights;

3.      all articles, including computers and other devices, by means of which such copies, goods and counterfeit WMS Trademarks may be reproduced; and

4.      all records documenting the manufacture, sale, or receipt of things used to facilitate, which include, or which include evidence of Defendants' copying or counterfeiting.

M.      That the order for impoundment require Defendants to surrender all unauthorized physical and electronic copies of WMS's Copyrighted Works at issue in this litigation (as identified in the Verified Complaint) and the computers, computer disks, compact flash cards and other media and articles upon which such unauthorized copies are recorded, saved, or maintained; all computer equipment, duplication equipment and other means of reproducing the unauthorized copies of WMS's Copyrighted Works; and all computer programs used to duplicate the Copyrighted Works and the computers, computer disks, media and other articles upon which programs are recorded, saved, or maintained.

N.      That an order issue requiring Defendants to recall from distribution and surrender for destruction all products, order forms, price lists, labels, advertisements, brochures, catalogs, packaging materials and other materials containing or embodying unauthorized copies of any of WMS's Copyrighted Works.

O.      That each of the Defendants be ordered to file, within thirty (30) days of the issuance of the requested injunctions and order of impoundment, a sworn report setting forth in detail the manner in which they have complied with the injunctions and

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1   orders.

2         P.     Judgment in favor of WMS and against Defendants granting any

3   other relief to which WMS is entitled, including such relief as the Court may deem just

4   and proper to ensure that Defendants' violations of the Copyright Act are unprofitable

5   and/or based upon a theory of unjust enrichment, even if WMS has not demanded that

6   relief in its pleadings, in accordance with Rule 54(c) of the Federal Rules of Civil

7   Procedure.

8         DATED this 14th day of December, 2012.

9                                          SNELL & WILMER L.L.P.

10

11                            By: s/David G. Barker

12                                Sid Leach
                                  David E. Rogers
13                                David G. Barker
                                  One Arizona Center
14                                400 E. Van Buren, Suite 1900
                                  Phoenix, Arizona  85004-2202
15                                Telephone:  602.382.6000
                                  Facsimile:  602.382.6070
16                                Attorneys for WMS Gaming Inc.

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, Jennifer Havelka, declare under penalty of perjury as follows:

1.      I am a Litigation and Anti-Piracy Paralegal at WMS Gaming Inc., the Plaintiff in this matter.

2.      I have reviewed the foregoing Complaint, and, based upon my knowledge, I am satisfied that the averments made therein are true, except as to those allegations made on information and belief, and as to such allegations, I believe them to be true.

DATED this 14th day of December, 2012.

By: _Jennifer Havelka_

Jennifer Havelka

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on December 14, 2012, I electronically transmitted the

3  attached document to the Clerk's Office using the CM/ECF System for filing and

4  transmittal of Notice of Electronic Filing to the CM/ECF registrants of record, and I

5  served a copy of the attached document by email without exhibits and by mail with

6  exhibits on a CD to:

7

8      Tom Hartmann
        The Hartmann Law Firm LLC
9      56 Ellisen Rd
        Watchung, NJ 07069

10      Tom.Hartmann@gmail.com

11      Attorney for Defendants
        The Slots Warehouse LLC and
12      David Heller

13                                          By  s/David G. Barker

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000