IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WMS Gaming Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Slots Warehouse LLC, et al.,<br><br>　　　　　Defendants. | No. CV-12-02455-PHX-ROS<br><br>**CONSENT DECREE** |

　　　Plaintiff WMS Gaming Inc. ("WMS") filed its First Amended Complaint (Doc. #35) alleging that defendant Richard Brandon ("Brandon") and others infringed WMS's copyrights and trademarks and participated in unfair competition and counterfeiting.

　　　WMS and Brandon reached a settlement to resolve this dispute, mutually agreed to the entry of this Consent Decree, and hereby jointly stipulate that:

　　　1.　　WMS is a Delaware Corporation having a principal place of business at 800 South Northpoint Boulevard, Waukegan, Illinois 60085.

　　　2.　　Brandon is an individual residing at 1735 E Todd Dr., Tempe AZ 85283.

　　　3.　　Brandon and WMS may each be referred to herein as a "Party."  WMS and Brandon are collectively referred to as "the Parties."

　　　4.　　On November 14, 2012, WMS filed a lawsuit in the United States District Court for the District of Arizona against David Heller and The Slots Warehouse LLC for willful copyright infringement, Case No. CV-12-2455-PHX-ROS ("the Lawsuit").

5. On November 14, 2012, WMS filed an *Ex Parte* Application for Order Directing Impoundment of Counterfeit Copyrighted Materials.

6. On November 26, 2012, WMS's *Ex Parte* Application was granted.

7. On November 30, 2012, WMS executed a first seizure at The Slots Warehouse LLC.

8. On December 12, 2012, WMS executed a second seizure at The Slots Warehouse LLC. The first seizure order and second seizure order are hereby referred to as the "Seizure Orders."

9. During the first seizure and the second seizure, WMS impounded certain infringing items and instrumentalities (the "Impounded Items").

10. On December 14, 2012, WMS filed a First Amended Complaint adding Brandon as a defendant, two additional copyrights, and Counts for trademark infringement, unfair competition and counterfeiting by Brandon and the other listed defendants of sixteen of WMS's federally-registered trademarks.

11. On December 28, 2012, WMS filed a Motion to Confirm the Impoundments and for Preliminary Injunction ("the Motion"). On February 8, 2013, the Court confirmed the Seizure Orders and entered an order granting WMS a preliminary injunction against certain actions by the defendants ("Preliminary Injunction Order").

12. Brandon acknowledges that the Impoundments were proper and that the allegations, statements and information contained in the First Amended Complaint, the Motion, and the Exhibits attached to each, are correct.

13. Effective January 4, 2013, the Parties entered into an Agreement ("Preliminary Agreement") to extend the dates for Defendants to: (a) answer the First Amended Complaint, (b) respond to the Motion, and (c) to move the Hearing Date. The Agreement also prevented Defendants from directly or indirectly: (a) purchasing or otherwise procuring, advertising, marketing, selling, offering to sell, distributing or modifying any WMS equipment, components or software (collectively, "Goods") of any

type, including goods manufactured or supplied by WMS, modified Goods, infringing Goods or counterfeit Goods, or (b) in any manner dealing in software or physical property including WMS intellectual property.

14. The Parties wish to finally settle the Lawsuit under the terms contained herein.

15. Brandon willfully and without authorization copied WMS's copyrighted works and infringed WMS's copyrights and trademarks without just cause or excuse.

16. Brandon does not object to WMS's use of the Impounded Items, as well as any information, documents, or other discovery obtained in this Lawsuit, in connection with any investigation or proceeding or for any other purpose.

17. The Award to be entered in WMS's favor is based on wrongful acts committed by Brandon willfully and intentionally that necessarily caused injury to Plaintiff and were done without just cause or excuse.

18. The amount of the Award to be entered in WMS's favor is reasonable under the circumstances given that the maximum statutory damages available for Brandon's willful infringement of WMS's copyrights and counterfeiting of WMS's trademarks is in excess of Sixty Million Dollars (US $60,000,000.00) and that WMS has requested punitive damages under Arizona law and attorney's fees.

19. The Parties desire that this Court dismiss Brandon's counterclaim, including all counts thereof, (*see* Doc. #58) with prejudice.

20. There is no just reason for delaying final judgment as to claims against defendant Brandon and counterclaims by Brandon against WMS.

**IT IS THEREFORE ORDERED** the parties' Stipulation for the Entry of a Consent Decree (**Doc. 88**) is **APPROVED**.

**IT IS FURTHER ORDERED:**

21. Brandon shall permanently cease from directly or indirectly (a) purchasing or otherwise procuring, advertising, marketing, selling, offering to sell, importing, distributing or modifying, or receiving revenue from, any WMS equipment, hardware, components or software, including those manufactured by WMS, or that have been modified, or that are infringing or counterfeit (collectively, "Goods") of any type, (b) receiving revenue from or participating in any transactions involving Goods, (c) in any manner dealing in software or physical property that includes WMS intellectual property, (d) participating in activities that generate revenue from Goods, or (e) operating any game room or business involving any Goods.

22. Brandon shall not directly or indirectly (such as by assisting a third party) challenge the validity, enforceability or WMS's rights in or to any of its trademarks (whether or not registered), copyrights, trade dress (whether or not registered), patents or trade secrets.

23. Brandon shall surrender and forfeit to WMS all his right, title and interest in and to the Impounded Items.

24. WMS is awarded statutory damages pursuant to the Copyright Act, 17 U.S.C. § 504(c) and the Lanham Act, 17 U.S.C. § 1117(c) in the combined total amount of Two Million Dollars (USD $2,000,000).

25. Brandon's counterclaim, including all counts thereof, are hereby dismissed with prejudice.

26. There is no just reason for delaying final judgment as to WMS's claims against defendant Brandon in its First Amended Complaint (Doc. #35) and Brandon's counterclaims against WMS.

Accordingly,

**IT IS ORDERED** final judgment is entered for WMS and against Brandon on those claims and counterclaims.

This Court shall retain jurisdiction of this action for the purpose of overseeing and enforcing the parties' compliance with the terms of this Consent Decree.

Dated this 16th day of May, 2013.

                                              Roslyn O. Silver
                                              Chief United States District Judge