Sid Leach (#019519)
David E. Rogers (#019274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
sleach@swlaw.com
drogers@swlaw.com
dbarker@swlaw.com
jcjones@swlaw.com

Attorneys for Plaintiff WMS Gaming Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| WMS Gaming Inc., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>The Slots Warehouse LLC, an Arizona limited liability company; David Heller, an individual; and Richard Brandon, an individual,<br><br>　　　　　　Defendants. | No. CV-12-2455-PHX-ROS<br><br>**WMS GAMING INC.'S ANSWER TO DEFENDANT DAVID HELLER'S COUNTERCLAIMS** |
| The Slots Warehouse LLC, an Arizona limited liability company; David Heller, an individual; and Richard Brandon, an individual,<br><br>　　　　　　Counterclaimants,<br><br>v.<br><br>WMS Gaming Inc., a Delaware corporation,<br><br>　　　　　　Counterdefendant. | |

　　　　WMS Gaming Inc. ("WMS") files its answer and defenses ("Answer") to the counterclaims of Defendant David Heller ("Heller") asserted in Heller's First Amended Answer, Defenses and Counterclaims to First Amended Verified Complaint

1  ("Counterclaims"). [Dkt. #91.] WMS denies all allegations in the Counterclaims except
2  those WMS expressly admits.

## PARTIES

4      1.    Admitted.

5      2.    Admitted.

6      3.    WMS lacks knowledge or information sufficient to form a belief about the
7  truth of the allegations in paragraph 3 and therefore denies the same.

8      4.    Admitted.

## JURISDICTION AND VENUE

10      5.    WMS incorporates the preceding paragraphs of its Answer as if fully set
11  forth herein.

12      6.    WMS admits it is subject to specific personal jurisdiction in this Court for
13  the alleged actions in the Counterclaims. WMS also admits that Defendant The Slots
14  Warehouse LLC ("TSW") maintains a warehouse at 4653 S. 33rd St., Phoenix, Arizona,
15  85040 ("Warehouse"). WMS denies the remaining allegations in paragraph 6.

16      7.    Admitted.

17      8.    Admitted.

## GENERAL ALLEGATIONS

19      9.    WMS admits it manufactures and supplies gaming machines and associated
20  software to casinos in the United States and in other countries. WMS denies the
21  remaining allegations in paragraph 9.

22      10.    Admitted.

23      11.    Admitted.

24      12.    WMS admits the casino industry is regulated. WMS lacks knowledge or
25  information sufficient to form a belief about the truth of the remaining allegations in
26  paragraph 12 and therefore denies the same.

27      13.    WMS lacks knowledge or information sufficient to form a belief about the
28  truth of the allegations in paragraph 13 and therefore denies the same.

14. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore denies the same.

15. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and therefore denies the same.

16. WMS admits that Heller contacted WMS about purchasing used slot machines from WMS. WMS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 and therefore denies the same.

17. WMS admits that Heller, on behalf of TSW, entered a Distribution Agreement with WMS effective December 21, 2011 permitting TSW to buy and sell, solely in Arizona, certain electronic gaming devices ("EGDs") and parts sold by WMS. WMS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 and therefore denies the same.

18. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies the same.

19. Denied.

20. WMS admits that it provided spreadsheets identifying equipment for sale, and also provided spreadsheets identifying game software titles available for purchase. WMS denies the remaining allegations in paragraph 20.

21. WMS admits that it offers video and mechanical reel used slot machines and that differences exist between these types of slot machines. WMS further admits that mechanical reel slot machines use physical reels, while in video slot machines, the game is displayed on a screen with virtual reels, which spin once a button is pressed. WMS further admits that video slot machines can contain more reels, differ in symbols and combinations, and also differ from mechanical reel slot machines in other ways. WMS denies the remaining allegations in paragraph 21.

22. Admitted.

23. WMS denies that WMS offered or represented that the used slot machines for purchase by Defendants would be provided with software. WMS lacks knowledge or

- 3 -

1  information sufficient to form a belief about the truth of the remaining allegations in
2  paragraph 23 and therefore denies the same.
3     24.  WMS denies that WMS offered or represented that the used slot machines
4  for purchase by Defendants would be provided with software. WMS lacks knowledge or
5  information sufficient to form a belief about the truth of the remaining allegations in
6  paragraph 24 and therefore denies the same.
7     25.  Denied.
8     26.  Denied.
9     27.  WMS admits that it offered Defendants an option to purchase conversion
10 kits at a price of $250 per game. WMS denies the remaining allegations in Paragraph 27.
11    28.  Denied.
12    29.  WMS admits that it provided a discount to TSW. WMS denies that the
13 discount "did not reflect anywhere near what the Defendants would need to pay to
14 purchase the software from WMS." WMS lacks knowledge or information sufficient to
15 form a belief about the truth of the remaining allegations in paragraph 29 and therefore
16 denies the same.
17    30.  Denied.
18    31.  Denied.
19    32.  WMS lacks knowledge or information sufficient to form a belief about the
20 truth of the allegations in paragraph 32 and therefore denies the same.
21    33.  WMS admits that used WMS slot machines require software to operate.
22 WMS lacks knowledge or information sufficient to form a belief about the truth of the
23 remaining allegations in paragraph 33 and therefore denies the same.
24    34.  WMS lacks knowledge or information sufficient to form a belief about the
25 truth of the allegations in paragraph 34 and therefore denies the same.
26    35.  WMS lacks knowledge or information sufficient to form a belief about the
27 truth of the allegations in paragraph 35 and therefore denies the same.
28

36. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 and therefore denies the same.

37. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore denies the same.

38. Admitted.

39. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore denies the same.

40. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and therefore denies the same.

41. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and therefore denies the same.

42. WMS admits that Defendants agreed to purchase several software kits. WMS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 42 and therefore denies the same.

43. WMS admits that certain software kits are not always available for purchase. WMS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 43 and therefore denies the same.

44. Denied.

45. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and therefore denies the same.

46. WMS admits that Defendants ordered software titles from WMS. WMS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 46 and therefore denies the same.

47. WMS admits that the software kits ordered by Defendants were initially shipped to Defendants' former address, which was still on file with WMS, resulting in nearly two months elapsing between the initial order and delivery after re-shipment to Defendants' new address. WMS communicated with Defendants regarding this issue. WMS denies the remaining allegations in paragraph 47.

48. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and therefore denies the same.

49. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and therefore denies the same.

50. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and therefore denies the same.

51. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and therefore denies the same.

52. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and therefore denies the same.

53. Denied.

54. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and therefore denies the same.

55. WMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and therefore denies the same.

56. WMS admits that a proposed transaction with Scientific Games was announced on January 31, 2013. WMS denies the remaining allegations in paragraph 56.

57. WMS admits on November 30, 2012 and December 12, 2012 the Impoundment Orders [Dkt. ## 21, 34] issued by this Court were executed, as explained in Plaintiff's Motion to Confirm the Impoundment Orders and for Preliminary Injunction [Dkt. 51] and the exhibits thereto ("Motion to Confirm Impoundment Orders"), and that the items listed in the December 4, 2012 Notice of Impounded Items [Dkt. #26] and the December 13, 2012 Amended Notice of Impounded Items [Dkt. #34], and the exhibits thereto ("Impoundment Notices"), were impounded. WMS denies the remaining allegations in paragraph 57.

58. WMS admits the execution of the Impoundment Orders occurred as described in the Motion to Confirm Impoundment Orders and the Impoundment Notices. WMS also admits that David Rogers, Scott Schahn, and two others from Snell & Wilmer

1 L.L.P. were present, that Ian Mercado was present, and Daniel Reniguntala was present.
2 WMS denies the remaining allegations in paragraph 58.

3     59.    WMS admits that Richard Brandon was present in the Warehouse during the
4 execution of the Impoundment Orders. WMS denies the remaining allegations in
5 paragraph 59.

6     60.    Denied.
7     61.    Denied.
8     62.    Denied.
9     63.    Denied.
10     64.    Admitted.

11     65.    WMS admits it filed the First Amended Verified Complaint on December
12 14, 2012 [Dkt. #35] that named Richard Brandon as a defendant, and WMS admits the
13 factual allegations verified in the First Amended Verified Complaint. WMS denies the
14 remaining allegations in paragraph 65.

15     66.    WMS admits that the statement in paragraph 18 was in the Motion to
16 Confirm Impoundment Orders, filed on December 28, 2012, but WMS denies that the
17 statement was related to any alleged conversations in the preceding paragraphs of the
18 Counterclaims.   WMS denies the remaining allegations in paragraph 66.

19     67.    WMS admits it filed the Declaration of Ian Mercado [Dkt. #51-1] on
20 December 28, 2012, and WMS admits the factual allegations in the Declaration of Ian
21 Mercado. WMS denies the remaining allegations in paragraph 67.

22     68.    Denied.
23     69.    Denied.
24     70.    Denied.
25     71.    Denied.
26     72.    Denied.
27     73.    Denied.
28

1    74.   WMS lacks knowledge or information sufficient to form a belief about
2 whether TSW has completely closed and wound down and therefore denies the same.
3 WMS denies the remaining allegations in paragraph 74.
4    75.   WMS lacks knowledge or information sufficient to form a belief about the
5 truth of the allegations in paragraph 75 and therefore denies the same.

## CAUSES OF ACTION

### COUNT I

### BREACH OF CONTRACT

### (Relating to the Impoundments)

10    76.   WMS incorporates the preceding paragraphs of its Answer as if fully set
11 forth herein.
12    77.   Denied.
13    78.   Denied.
14    79.   Denied.
15    80.   WMS admits it filed the First Amended Verified Complaint on December
16 14, 2012 that named Richard Brandon as a defendant, and WMS admits the factual
17 allegations verified in the First Amended Verified Complaint.  WMS denies the remaining
18 allegations in paragraph 80.
19    81.   Denied.
20    82.   Denied.

### COUNT II

### BREACH OF CONTRACT IMPLIED IN FACT—PROMISSORY ESTOPPEL

### (Relating to the Impoundments)

24    83.   Denied.
25    84.   Denied.
26    85.   Denied.
27    86.   Denied.
28    87.   Denied.

# COUNT III

# FRAUD

### (Relating to the Impoundments)

88. WMS incorporates the preceding paragraphs of its Answer as if fully set forth herein.

89. Denied.

90. Denied.

91. Denied.

92. WMS admits it filed the First Amended Verified Complaint on December 14, 2012 that named Richard Brandon as a defendant, and WMS admits the factual allegations verified in the First Amended Verified Complaint. WMS denies the remaining allegations in paragraph 92.

93. Denied.

94. Denied.

95. Denied.

# COUNT IV

# NEGLIGENT MISREPRESENTATION

### (Relating to the Impoundments)

96. WMS incorporates the preceding paragraphs of its Answer as if fully set forth herein.

97. Denied.

98. Denied.

99. Denied.

100. WMS admits it filed the First Amended Verified Complaint on December 14, 2012 that named Richard Brandon as a defendant, and WMS admits the factual allegations verified in the First Amended Verified Complaint. WMS denies the remaining allegations in paragraph 100.

101. Denied.

1    102.   Denied.

## COUNT V

## TRESPASS AND ELECTRONIC TRESPASS AND THEFT

### (Relating to the Impoundments)

103.   WMS incorporates the preceding paragraphs of its Answer as if fully set forth herein.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

## COUNT VI

## BREACH OF CONTRACT

### (Relating to WMS's Sales of Used Slot Machines to Defendants)

108.   WMS incorporates the preceding paragraphs of its Answer as if fully set forth herein.

109.   Other than the Distribution Agreement, which speaks for itself, WMS denies that any other contract existed between Defendants and WMS, and, accordingly, WMS denies the allegations in paragraph 109.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

## COUNT VII

## BREACH OF CONTRACT IMPLIED IN FACT – PROMISSORY ESTOPPEL

### (Relating to WMS's Sales of Used Slot Machines to Defendants)

114.   WMS incorporates the preceding paragraphs of its Answer as if fully set forth herein.

115.   Denied.

- 10 -

1   116. Denied.

2   117. Denied.

3   118. Denied.

4   119. Denied.

## COUNT VIII

## NEGLIGENT MISREPRESENTATION

**(Relating to WMS's Sales of Used Slot Machines to Defendants)**

120. WMS incorporates the preceding paragraphs of its Answer as if fully set forth herein.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

## COUNT IX

## UNJUST ENRICHMENT

**(Relating to All Conduct)**

127. WMS incorporates the preceding paragraphs of its Answer as if fully set forth herein.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## PRAYER FOR RELIEF

WMS denies that Heller is entitled to any of the relief requested in the Counterclaims.

**WMS'S AFFIRMATIVE DEFENSES**

133. WMS asserts the following defenses in response to the allegations of the Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law regardless of how such defenses are denominated herein. WMS incorporates the preceding paragraphs of its Answer as if fully set forth herein.

134. The Counterclaims fail to state a claim upon which relief can be granted.

135. Heller lacks standing to pursue any or all of the Counterclaims.

136. Any alleged oral contracts are superseded by the written Distribution Agreement between WMS and TSW.

137. The oral contracts alleged in the Counterclaims are barred by the statute of frauds.

138. Heller is barred from recovering any damages based on allegedly defective goods, and has waived all arguments that any goods received from WMS were defective, because Heller accepted the goods and did not reject them in a timely manner.

139. Heller is barred from recovering any damages or other relief by reason of his failure to perform.

140. Heller is barred from recovering any damages or other relief by reason of his failure to mitigate damages.

141. Heller is barred from recovering any damages or other relief by reason of his unclean hands.

142. Heller would be unjustly enriched if allowed to recover on the Counterclaims.

143. Heller has not pleaded fraud with particularity.

144. Without conceding that any act of WMS caused damages to Heller in any respect, WMS is entitled to offset and recoup against any judgment that may be entered for Heller all obligations of Heller owing to WMS by reason of Heller's actions and conduct.

145. WMS's conduct that is the subject of the Counterclaims was at all times justified and/or privileged.

146. WMS acted at all times in accordance with and under the authority of the Impoundment Orders issued by this Court.

147. WMS reserves all other defenses applicable to it, whether at law or in equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, WMS prays that this Court enter judgment in its favor and grant the following relief:

A. That Heller take nothing by way of his Counterclaims.

B. That the Counterclaims be dismissed with prejudice.

C. That WMS be awarded its reasonable attorneys' fees, including under A.R.S. § 12-341.01, associated with the defense of the Counterclaims.

D. That WMS be awarded its full costs associated with the defense of the Counterclaims.

E. For such other relief as the Court may deem just and proper.

DATED this 20th day of June, 2013.

        SNELL & WILMER L.L.P.

        By: s/David G. Barker
            Sid Leach
            David E. Rogers
            David G. Barker
            Jacob C. Jones
            Attorneys for WMS Gaming Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the CM/ECF registrants of record.

By  s/David G. Barker

17388486

- 14 -