1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WMS Gaming Inc., | No. CV-12-2455-PHX-ROS |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| The Slots Warehouse LLC; David Heller; and Richard Brandon, | |
| Defendants. | |

Plaintiff WMS Gaming Inc. ("WMS") filed its First Amended Complaint (Doc. 35) alleging that the Defendants infringed WMS's copyrights and trademarks and participated in unfair competition and counterfeiting.

WMS and Defendant Richard Brandon previously reached a settlement to resolve this dispute, in respect to which a Consent Decree was entered on May 17, 2013 (Doc. 89).

WMS and The Slots Warehouse LLC ("TSW") and David Heller ("Heller") (TSW and Heller are collectively referred to herein as the "Remaining Defendants", and WMS and the Remaining Defendants are collectively referred to as the "Parties"), have also reached a settlement to resolve this dispute and mutually agree to the entry of this Consent Decree. The Parties hereby jointly stipulate that:

1    1.    WMS is a Delaware Corporation having a principal place of business at 800 South Northpoint Boulevard, Waukegan, Illinois 60085.

2.    Heller is an individual who resides in New Jersey.

3.    TSW is an Arizona limited liability company.  TSW's statutory agent is USA RA LLC, located at 11811 N Tatum Blvd #3031, Phoenix, Arizona 85028.

4.    Heller, TSW, or WMS may be referred to herein simply as a "Party."

5.    On November 14, 2012, WMS commenced a lawsuit in the United States District Court for the District of Arizona against the remaining Defendants for willful copyright infringement, Case No. CV-12-2455-PHX-ROS ("the Lawsuit") (Doc. 1).

6.    On November 16, 2012, WMS filed an *Ex Parte* Application for Order Directing Impoundment of Counterfeit Copyrighted Materials (Doc. 14).

7.    On November 26, 2012, WMS's *Ex Parte* Application was granted (Doc. 21).

8.    On November 30, 2012, WMS executed a first impoundment at TSW (*see* Doc. 24).

9.    On December 12, 2012, WMS executed a second impoundment at TSW (*see* Doc. 34).  The first impoundment and second impoundment are hereby referred to as the "Impoundments."

10.    During the Impoundments, WMS impounded certain infringing items and instrumentalities (the "Impounded Items").

11.    On December 14, 2012, WMS filed a First Amended Complaint adding Brandon as a Defendant, two additional copyrights, and counts for trademark infringement, unfair competition and counterfeiting by Brandon and the Remaining Defendants of sixteen of WMS's federally-registered trademarks (Doc. 35).

12.    On December 28, 2012, the Parties and Brandon filed a Stipulation to Confirm the Impoundments and for Preliminary Injunction ("the Motion"), with Proposed Order (Docs. 51, 64).  On February 8, 2013, the Court confirmed the Impoundments and

entered an order granting WMS a preliminary injunction against certain actions by the Defendants ("Preliminary Injunction Order"), pursuant to the Parties' Stipulation and Proposed Order (Doc. 65).

13.    Defendants acknowledge that the Impoundments were proper and that the allegations, statements and information contained in the First Amended Complaint, the Motion, and the Exhibits attached to each, are correct.

14.    Effective January 4, 2013, the Parties entered into an Agreement ("Preliminary Agreement") to extend the dates for the Remaining Defendants to: (a) answer the First Amended Complaint, (b) respond to the Motion, and (c) to move the Hearing Date.  The Agreement also prevented the Remaining Defendants, for a limited time, from directly or indirectly: (a) purchasing or otherwise procuring, advertising, marketing, selling, offering to sell, distributing or modifying any WMS equipment, components or software (collectively, "Goods") of any type, including goods manufactured or supplied by WMS, modified Goods, infringing Goods or counterfeit Goods, or (b) in any manner dealing in software or physical property including WMS intellectual property.  This provision was superseded by the Court's Preliminary Injunction Order on February 8, 2013 (Doc. 65).

15.    The Parties wish to finally settle the Lawsuit under the terms contained herein.

16.    The Remaining Defendants willfully and without authorization copied and infringed WMS's copyrights and trademarks without just cause or excuse.

17.    The Remaining Defendants do not object to WMS's use of the Impounded Items, as well as any information, documents, or other discovery obtained in this Lawsuit, in connection with any investigation or proceeding or for any other purpose.

18.    The Award (defined below in paragraph 24) in WMS's favor is based on wrongful acts committed by the Remaining Defendants willfully and intentionally, and that necessarily caused injury to WMS and were done without just cause or excuse.

19.     The amount of the Award is reasonable under the circumstances given that the maximum statutory damages available against the Remaining Defendants' for their willful infringement of WMS's copyrights and counterfeiting of WMS's trademarks is in excess of Sixty Million Dollars (US $60,000,000.00), and WMS has also requested in this Lawsuit punitive damages under Arizona law and attorneys' fees.

20.     The Parties desire that this Court dismiss of the Remaining Defendants' counterclaims (*see* Docs. 91-92) with prejudice.

**IT IS THEREFORE ORDERED** that parties' Stipulation for the Entry of Consent Decree (**Doc. 108**) is **GRANTED**.

**IT IS FURTHER ORDERED** that**:**

21.     The Remaining Defendants shall permanently cease from directly or indirectly (a) purchasing or otherwise procuring, advertising, marketing, selling, offering to sell, importing, distributing or modifying, or receiving revenue from, any WMS equipment, hardware, components or software, including those manufactured by WMS, or that have been modified, or that are infringing or counterfeit (collectively, "Goods") of any type, (b) receiving revenue from or participating in any transactions involving Goods, (c) in any manner dealing in software or physical property that includes WMS intellectual property, (d) participating in activities that generate revenue from Goods, or (e) operating any game room or business involving any Goods.

22.     The Remaining Defendants shall not directly or indirectly (such as by assisting a third party) challenge the validity, enforceability or WMS's rights in or to any of its trademarks (whether or not registered), copyrights, trade dress (whether or not registered), patents, trade secrets or other intellectual property or proprietary rights.

23.     The Remaining Defendants shall surrender and forfeit to WMS all right, title and interest in and to the Impounded Items.

24.     The Remaining Defendants shall surrender and forfeit to WMS all right, title and interest in and to any infringing or counterfeit Goods and related documents and information in their possession, which have not already been impounded.

25.     WMS is awarded statutory damages pursuant to the Copyright Act, 17 U.S.C. § 504(c) and the Lanham Act, 17 U.S.C. § 1117(c) in the combined total amount of Three Million Dollars (USD $3,000,000) (the "Award").

26.     All of Defendants' counterclaims against WMS are hereby dismissed with prejudice.

27.     This Court shall retain jurisdiction of this Lawsuit for the purpose of overseeing and enforcing the Parties' compliance with the terms of this Consent Decree.

DATED this 9th day of September, 2013.

_____
Roslyn O. Silver
Senior United States District Judge